Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 16, 2018

## 2018 CO 28

**No. 16SA320, People v. Quick—Inventory Search—Impoundment.**

The People brought an interlocutory appeal, as authorized by section 16-12-102(2), C.R.S. (2017), and C.A.R. 4.1, from an order of the district court granting Quick's motion to suppress a gun found during an inventory search of his car. Although the district court initially denied the motion, upon reconsideration in light of the court of appeals' opinion in People v. Brown, 2016 COA 150, __ P.3d __, it found that where Quick was merely cited, and not actually arrested, for driving with a suspended license, and where the only justification offered for seizing his car was instead the likelihood that he would continue to drive and thereby endanger public safety, the initial seizure of his car did not fall within the community caretaking exception to the probable cause and warrant requirements of the Fourth Amendment.

The supreme court affirms the order of the district court because compliance with a departmental policy or procedure is insufficient in and of itself to bring the seizure of a vehicle within an exception to the Fourth Amendment warrant requirement, and because seizing a vehicle to prevent the driver from continuing to

drive with a suspended license does not fall within the specific community caretaking

exception.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 28

### Supreme Court Case No. 16SA320
*Interlocutory Appeal from the District Court*
Arapahoe County District Court Case No. 15CR2263
Honorable F. Stephen Collins, Judge

### Plaintiff-Appellant:

The People of the State of Colorado,

v.

### Defendant-Appellee:

Therrold Cannon Quick.

### Order Affirmed
*en banc*
April 16, 2018

**Attorneys for Plaintiff-Appellant:**
George H. Brauchler, District Attorney, Eighteenth Judicial District
Susan J. Trout, Senior Deputy District Attorney
 *Centennial, Colorado*

**Attorneys Defendant-Appellee:**
Douglas K. Wilson, Public Defender
Rachel K. Mercer, Deputy Public Defender
 *Denver, Colorado*

**JUSTICE COATS** delivered the Opinion of the Court.

¶1 The People brought an interlocutory appeal, as authorized by section 16-12-102(2), C.R.S. (2017), and C.A.R. 4.1, from an order of the district court granting Quick's motion to suppress a gun found during an inventory search of his car. Although the district court initially denied the motion, upon reconsideration in light of the court of appeals' opinion in People v. Brown, 2016 COA 150, __ P.3d __, it found that where Quick was merely cited, and not actually arrested, for driving with a suspended license, and where the only justification offered for seizing his car was instead the likelihood that he would continue to drive and thereby endanger public safety, the initial seizure of his car did not fall within the community caretaking exception to the probable cause and warrant requirements of the Fourth Amendment.

¶2 Because compliance with a departmental policy or procedure is insufficient in and of itself to bring the seizure of a vehicle within an exception to the Fourth Amendment warrant requirement, and because seizing a vehicle to prevent the driver from continuing to drive with a suspended license does not fall within the specific community caretaking exception, the order of the district court is affirmed, and the case is remanded for further proceedings.

**I.**

¶3 Following a stop and inventory search of his car, Therrold Cannon Quick was charged with possession of a weapon by a previous offender, violation of a protection order, driving under restraint, and violation of a traffic control signal. He moved to suppress a gun discovered during the search as the product of an unconstitutional seizure of his car, and after hearing the motion, the district court made findings and

conclusions. Although it initially denied the motion, upon reconsideration following the release of the court of appeals' opinion in <u>People v. Brown</u>, the district court reversed itself and granted the motion. As pertinent to the issue before this court, the findings of the district court and undisputed evidence from the suppression hearing revealed the following.

¶4 After observing the defendant commit several traffic violations, a police officer activated his emergency lights, and the defendant turned into the private parking lot of a liquor store. The defendant got out of his car and began walking toward the store, where he was hailed by the officer and asked for his license. When the defendant ultimately produced an ID card rather than a valid driver's license, the officer realized that he had previously contacted the defendant and that on the prior occasion the defendant had been arrested for being a felon in possession of a firearm. After ordering the defendant to return to his vehicle, calling for back-up, and verifying that his license had been suspended, the officer decided to impound the vehicle, according to what he described as "common practice."

¶5 The officer then patted the defendant down, informing him that he was going to receive a summons but that his car would be impounded. When the officer indicated that he was going to look inside the car for its VIN number, the defendant, who was on the phone with someone purportedly his wife, excitedly asked her if she had left anything in the car that would get him in trouble. The officer immediately asked whether the defendant had a gun and saw a gun in plain view inside the vehicle.

Before seizing the gun, another officer recorded its location inside the vehicle with his body camera.

¶6 Quite apart from its concerns regarding pretext, the district court ultimately concluded on the basis of the court of appeals' judgment in <u>Brown</u> that under these circumstances the seizure of the vehicle lacked any caretaking justification, and it therefore found the inventory search to be unlawful and the gun to be the product of an illegal seizure and search.

¶7 The People brought an interlocutory appeal as authorized by section 16-12-102(2), C.R.S. (2017), and C.A.R. 4.1.

## II.

¶8 As explained in <u>People v. Brown</u>, 2018 CO 27, __ P.3d __, also reported by this court today, the seizure of a motor vehicle by the police is not made reasonable within the meaning of the Fourth Amendment merely by being effected according to standardized criteria dictated by routine police policies or procedures. <u>Id.</u>, ¶ 12. In order to be considered reasonable within the meaning of the Fourth Amendment, a search or seizure must either be authorized by a warrant supported by probable cause or fall within a recognized exception to those requirements. The only exception to the warrant requirement asserted by the prosecution in this case is the exception for community caretaking functions, and the only rationale offered as bringing the impoundment of the defendant's vehicle within that exception is the protection of public safety by preventing a driver who has been cited, but not actually arrested, for driving on a suspended license from continuing to drive his car after the police have

4

left.  As we also explained in <u>Brown</u>, because the community caretaking exception can apply only to conduct that is distinct from the investigation of criminal activity, a seizure premised solely on the risk that the vehicle will be driven illegally, by a driver cited for driving on a suspended license, can never find justification as a community caretaking function.  <u>Id.</u>, ¶ 15.

III.

¶9    Because compliance with a departmental policy or procedure is insufficient in and of itself to bring the seizure of a vehicle within an exception to the Fourth Amendment warrant requirement, and because seizing a vehicle to prevent the driver from continuing to drive with a suspended license does not fall within the specific community caretaking exception, the order of the district court is affirmed, and the case is remanded for further proceedings.